# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Barksdale,                          :
                          Petitioner         :
                                             :
          v.                                 :     No. 1402 C.D. 2018
                                             :     Submitted: April 5, 2019
Pennsylvania Board of                        :
Probation and Parole,                        :
                          Respondent         :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

**OPINION BY JUDGE BROBSON**          **FILED:  August 21, 2019**

Petitioner Jeffrey Barksdale (Barksdale) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated September 28, 2018.  The Board denied Barksdale's request for administrative relief, thereby rejecting his claim that the Board erred in its recalculation of his new maximum sentence date of April 30, 2019.[1]  We now vacate the Board's decision and remand the matter to the Board for the issuance of a decision.

Barksdale was incarcerated at a state correctional institution when the Board granted him parole by Board decision recorded on January 13, 2011. (Certified Record (C.R.) at 1.)  Barksdale was officially released from confinement on May 3, 2011.  (*Id.* at 7, 22.)  At the time of his parole, Barksdale had a maximum sentence date of October 27, 2018.  (C.R. at 6.)  The Board declared Barksdale

---

[1] Although Barksdale's maximum sentence date has expired, this matter is not moot because he is currently serving time on additional offenses.

delinquent as a technical parole violator on November 6, 2017. On November 13, 2017, Barksdale participated in a high speed car chase with police. (*Id.* at 27, 35.) After Barksdale fled the scene, police found drugs and drug paraphernalia in the car Barksdale was driving. (*Id.*) The Board issued a warrant to recommit and detain Barksdale on November 16, 2017. (*Id.* at 12.)

Agents arrested Barksdale on November 16, 2017, pursuant to the Board's warrant. (*Id.* at 14.) That same day, Barksdale waived his right to a violation hearing and admitted to the parole violations of failing to report and removing his GPS unit. (*Id.* at 13.) On November 20, 2017, the Crawford County District Attorney criminally charged Barksdale with several offenses.[2] (*Id.* at 38, 66.) The Court of Common Pleas of Crawford County set Barksdale's monetary bail on December 7, 2017; Barksdale, however, did not post bail and remained incarcerated for the entirety of his pre-sentencing period. (*Id.* at 75.)

By Board decision recorded on January 19, 2018, the Board recommitted Barksdale as a technical parole violator to a state correctional institution for a term of six months. (*Id.* at 30.) On January 28, 2018, the Board modified its January 19, 2018 decision by requiring the detention of Barksdale throughout the disposition of his criminal charges. (*Id.* at 53.) On May 31, 2018, Barksdale pleaded guilty to various summary and misdemeanor offenses, and the Court of Common Pleas of Crawford County sentenced Barksdale to a term of six to twenty-four months' incarceration. (*Id.* at 63, 70-71, 76-77.)

---

[2] Barksdale's criminal charges include the following crimes: Fleeing or Attempting to Elude Police Officer; Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance by a Person Not Registered Under this Act; Recklessly Endangering Another Person; Knowingly or Intentionally Possessing Controlled Substance by a Person Not Registered Under this Act; Use of or the Possession of Drug Paraphernalia; and a number of traffic summary offenses. (C.R. at 75.)

Barksdale subsequently waived his revocation hearing before the Board and admitted that he was convicted of new criminal offenses. (*Id.* at 54.) By Board decision recorded on July 12, 2018, the Board recommitted Barksdale as a convicted parole violator to serve a term of eleven months, concurrent with his recommitment as a technical parole violator. (*Id.* at 88.) The Board again exercised its discretion and credited Barksdale for the time spent at liberty on parole. (*Id.*) The Board calculated Barksdale's new maximum date to be April 30, 2019. (*Id.* at 72.)

Barksdale sought administrative relief with the Board by filing an administrative remedies form on August 2, 2018, challenging the Board's July 12, 2018 decision that set his new maximum date. (*Id.* at 90-93.) The Board denied Barksdale's request for administrative relief on September 28, 2018. (*Id.* at 94.) As to the merits, the Board merely stated: "Upon review of your case, it was determined there is no indication the Board failed to appropriately calculate your maximum sentence date, and your request for relief is denied." (*Id.* at 94.)

Barksdale now petitions this Court for review, arguing that the Board erred by concluding that his new maximum sentence date was April 30, 2019. Barksdale argues that the Board "incorrectly determined that [Barksdale's] date for custody for return was May 31, 2018[,] and therefore erroneously calculated [his parole violation maximum date to be April 30, 2019." (Petitioner's Br. at 11.) Ultimately, Claimant argues that his maximum sentence date should be November 6, 2018.

Section 507 of the Administrative Agency Law, 2 Pa. C.S. § 507, provides: "All adjudications of a Commonwealth agency shall be in writing, *shall contain findings and the reasons for the adjudication*, and shall be served upon all parties or their counsel personally, or by email." (Emphasis added.) Based upon the

3

record before this Court, we must conclude that the Board's decision does not meet the requirements of Section 507, as it does not explain the reasons for the Board's determination that it properly calculated Barksdale's maximum sentence date. The Court, therefore, is unable to engage in effective appellate review.

Accordingly, we vacate the Board's decision and remand the matter to the Board for the issuance of a decision that sets forth the basis for its determination that the Board properly calculated Barksdale's maximum sentence date.[3]

_____
P. KEVIN BROBSON, Judge

---

[3] This analysis is consistent with our memorandum opinion in *Brown v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 710 C.D. 2018, filed January 25, 2019). Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Barksdale, : 
               Petitioner : 

               : 

        v. : No. 1402 C.D. 2018

               : 

Pennsylvania Board of : 
Probation and Parole, : 
              Respondent : 

## **O R D E R**

AND NOW, this 21st day of August, 2019, the order of the Pennsylvania Board of Probation and Parole (Board) is VACATED, and the matter is REMANDED to the Board for the issuance of a new decision.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge